UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRA ABATE, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, INC., | |
| Defendant. | Plaintiff Demands a Trial by Jury |

Plaintiff Alexandra Abate ("Ms. Abate" or "Plaintiff"), by and through her attorneys Levine & Blit, PLLC, complaining of defendant Robert Wood Johnson University Hospital, Inc. ("the Hospital" or "Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime wages in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), and in violation of the New Jersey Wage and Hour Law ("Wage and Hour Law").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including unpaid overtime wages under the FLSA and the Wage and Hour Law; liquidated damages under the FLSA and Wage and Hour Law; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and proper.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Ms. Abate is a resident of the County of Ocean in the State of New Jersey.

6. The Hospital is a non-profit corporation, duly organized and existing in the State of New Jersey, with its principal place of business located at 1 Robert Wood Johnson Place, New Brunswick, New Jersey.

7. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of applicable federal and state statutes and regulations.

8. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

9. At all times relevant to this action, the Hospital was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

10. The Hospital has: (1) employees engaged in commerce or engaged in the production of goods for commerce, and/or handling, selling, or otherwise working

2

on goods or materials that have been moved in or produced for commerce by any person; and (2) a projected annual gross volume of sales or revenue in excess of five hundred thousand dollars ($500,000.00).

## FACTUAL ALLEGATIONS

11. Ms. Abate began working as an Appeals Coordinator for the Hospital in or about September 2012.

12. From September 2012 until August 2014, Ms. Abate worked approximately 47 hours per work week, during weeks when she was not on disability leave or sick.

13. Ms. Abate's typically worked five day per week and her work day would begin at 6 a.m. and continue until between 2:30 p.m. and 5:30 p.m.

14. On most days, Ms. Abate did not take any meal or other break while working at the Hospital.

15. As an Appeals Coordinator, Ms. Abate was required to perform the following duties:
    a. Collect booking slips for surgeries;
    b. Review CPT codes for Medicare patients to ensure the appropriate codes were entered by surgeons;
    c. Enter Medicare inpatient procedures from the operation list into the Hospital's computer system; and
    d. Review denials received from Medicare.

3

16. Throughout her employment as an Appeals Coordinator for the Hospital, Ms. Abate was misclassified as an exempt employee and was paid based upon an annual salary.

17. Although Ms. Abate worked numerous overtime hours at various times during her employment as an Appeals Coordinator, Ms. Abate did not receive and has not received any overtime compensation.

18. The Hospital knew or should have known that Ms. Abate was misclassified as an exempt employee, that Ms. Abate was working over forty (40) hours during her work week, and that it was wrongfully denying her overtime wages for the hours she worked in excess of forty (40) each work week.

19. Ms. Abate has suffered economic loss as a result of Defendants' wrongful classification of Ms. Abate as an exempt employee.

**FIRST CAUSE OF ACTION**
**(Unpaid Overtime Wages in Violation of the FLSA)**

20. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 19, as if fully set forth herein.

21. At all times relevant to this action, Defendant was "employer" within the meaning of the FLSA.

4

22. At all times relevant to this action, Ms. Abate was a non-exempt employee of the Defendant under the FLSA, but was willfully misclassified as exempt by Defendant.

23. Ms. Abate worked in excess of forty (40) hours per week for Defendant as described above, but she was denied overtime wages as a result of Defendant's willful misclassification of Ms. Abate as non-exempt employee.

24. Defendant was aware or should have been aware that the practice described in this Complaint was unlawful and it has not made a good faith effort to comply with the FLSA with respect to the overtime compensation. As such, Defendant's noncompliance with the FLSA was willful.

25. As a proximate result of Defendant's unlawful conduct, Ms. Abate suffered economic damages in the form of lost overtime wages and is entitled to an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages in Violation of the Wage and Hour Law)

26. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 25, as if fully set forth herein.

27. At all times relevant to this action, Defendant was "employer" within the meaning of the Wage and Hour Law.

28. At all times relevant to this action, Ms. Abate was a non-exempt employee of the Defendant under the Wage and Hour Law, but was willfully misclassified as exempt by Defendant.

29. Ms. Abate worked in excess of forty (40) hours per week for Defendant as described above, but she was denied overtime wages as a result of Defendant's misclassification of Ms. Abate as non-exempt employee.

30. Defendant was aware or should have been aware that the practice described in this Complaint was unlawful and it has not made a good faith effort to comply with the Wage and Hour Law with respect to the overtime compensation As such, Defendant's noncompliance with the Wage and Hour Law was willful.

31. As a proximate result of Defendant's unlawful conduct, Ms. Abate suffered economic damages in the form of lost overtime wages and is entitled to an equivalent amount of liquidated damages pursuant to the Wage and Hour Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

    a)    An order declaring Defendant has willfully and knowingly violated the overtime provisions of the FLSA and Wage and Hour Law;

    b)    An order enjoining Defendant from engaging in the unlawful activities alleged above;

    c)    An order awarding monetary damages for Plaintiff's economic losses in the form of unpaid overtime wages;

d) An order awarding liquidated damages to Plaintiff under the FLSA and the Wage and Hour Law in an amount equal to the total amount of unpaid overtime wages;

e) An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA and the Wage and Hour Law;

f) An award of the Plaintiff's costs of this action; and

g) Any such other and further relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: June 22, 2015
New York, New York

LEVINE & BLIT, PLLC

Michael S. Blit
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
blitm@levineblit.com